UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CHATWAL HOTELS & RESORTS LLC.

           Plaintiff,

    -against-

THE DOLLYWOOD COMPANY, HERSCHEND
FAMILY ENTERTAINMENT CORPORATION AND
DOLLY PARTON PRODUCTIONS, INC.

          Defendants.

------------------------------------------------------------

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: __1/7/15__ |

14 Civ. 8679 (CM)(HBP)

## CIVIL CASE MANAGEMENT PLAN

1.    This case is to be tried to a jury.

2.    Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by 2/6/2015.

3.    No additional parties may be joined after 2/20/2015.

4.    No pleading may be amended after 3/13/2015.

5.    Not applicable.

6.    All discovery, *including expert discovery*, must be completed on or before June 5, 2015. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed.R.Civ.P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rules 26 must be made no later than the following dates: Plaintiff's expert report(s) by March 27, 2015; Defendants' expert reports by April 10, 2015; and rebuttal expert report(s) by May 11, 2015.

7.    Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8.     Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is Hon. Henry Pitman. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9.     A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before July 24, 2015. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to *in limine* motions are due five days after the motions are made. Case may be called for trial at any time following the final pre-trial conference.

10.    No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11.    The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12.    This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

### Additional Items for the Court's Information and Consideration

13.    Motion to Dismiss. On December 23, 2014, Defendants filed a motion to dismiss the complaint for lack of personal jurisdiction. Plaintiff's opposition to the motion is being filed on January 6, 2015, and Defendants' Reply is due on or before January 13, 2015. Thus, the motion will be fully briefed next Tuesday, January 13, 2015, four days after the case management conference scheduled for Friday, January 9, 2015.

14. Bifurcation. Defendants represent that Dollywood's DreamMore Resort will not open until in or about June 2015, at or about the time for the proposed close of discovery. Thus, Defendants contend that the parties will not have had an opportunity to conduct discovery on damages issues under the schedule contemplated above. Defendants believe that if this trademark infringement case survives the dismissal motion then liability and damages should be bifurcated. Plaintiff contends that bifurcation is not warranted because it would impede discovery and unduly increase the complexity and expense of this case, and ultimately delay the final disposition.

Dated: New York, New York
January 6, 2015

Upon consent of the parties:

**ECKERT SEAMANS CHERIN & MELLOTT LLC**

By: */s/Robert W. Morris*
Robert W. Morris

*Attorneys for Plaintiff*
10 Bank Street, Suite 700
White Plains, NY 10606
(914) 949-2909
rwmorris@eckertseamans.com

**SMITH, GAMBRELL & RUSSELL, LLP**

By: s/John G.McCarthy
John G. McCarthy

*Attorneys for Defendants*
1301 Avenue of the Americas 21st Floor
New York, NY 10019
(212) 907-9700
jmccarthy@sgrlaw.com

**SMITH, GAMBRELL & RUSSELL, LLP**
J. Rodgers Lunsford III
(admission pro hac vice pending)
1230 Peachtree Street N.E.
Atlanta, GA 30309
(404) 815-3628
rlunsford@sgrlaw.com

Dated: New York, New York
January 7, 2015

SO ORDERED:

Hon. Colleen McMahon
United States District Judge

- 3 -    1-7-2015